FILED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

2019 JAN 31  A 11: 01

US DISTRICT COURT
BRIDGEPORT CT

*Gennifer Baker,*
_____
Plaintiff,

v.                                    Case No. _319 CV 140 MPS_
                                      (To be supplied by the Court)

*Yale University,*
_____
Defendant(s).

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

1.   Plaintiff resides at the following location: _138 Home Acres Ave_
_Milford, CT 06440_

2.   Defendant(s) reside(s) at the following location [Attach additional sheets if more
space is required]: _Yale School of Medicine  2_
_Church Street South  New Haven CT 06511_
_____

3.   This action is brought pursuant to [Check all spaces that apply to the type of
claim(s) you wish to assert against the Defendant(s)]:

☒   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, <u>et</u>
<u>seq</u>., for employment discrimination on the basis of race, color, religion, sex, or
national origin.  Jurisdiction is specifically conferred on this Court by 42 U.S.C. §
2000e-5(f).  Equitable and other relief is sought under 42 U.S.C. § 2000e-5(g)
and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

☐   Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621,
<u>et seq</u>., for employment discrimination based upon age.  Jurisdiction is alleged
pursuant to 28 U.S.C. §§ 1331, 1337, and/or 1343.  Equitable and other relief is
sought under 29 U.S.C. §§ 626(b) and (c) or   §§ 633a(b) and (c).

My Year of Birth is: _____.

☐ Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, et seq., for employment discrimination on the basis of a disability against an employer which constitutes a program or activity receiving Federal financial assistance. Jurisdiction is asserted under 28 U.S.C. §§ 1331, 1337 and/or 1343. Equitable and other relief is sought under 29 U.S.C. § 794a.

☒ Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq., for employment discrimination on the basis of a disability against a private employer. Jurisdiction is specifically conferred on this Court by 42 U.S.C.§ 2000e-5(f). See 42 U.S.C. § 12117(a). Equitable and other relief is sought pursuant to 42 U.S.C. § 2000e-5(g). Id.

4.    The acts complained of in this suit concern [Check all spaces that are applicable to your claim(s)]:

(A)  ☒   Failure to hire me. I was refused a job on the following date(s): ____
April 18, 2014
.

(B)  ☐   Termination of my employment. I was terminated from my employment on the following date: _____.

(C)  ☐   Failure to promote me. I was refused a promotion on the following date(s): _____.

(D)  ☐   Other acts as specified below: _____

_____

_____

_____

_____

_____

2

5.      The conduct of the Defendant(s) was discriminatory because it was based upon:

race [☒], color [☒], religion [☐], sex [☐], age [☐], national origin [☒] or disability [☐].  [Please

check all applicable bases for your claim of discrimination and explain further, if

necessary]: _____

_____

6.      The facts surrounding my claim of employment discrimination are as follows

[Attach additional sheets, if necessary]:

_See attached paper_____

_____

_____

_____

_____

_____

_____

_____

7.      The approximate number of persons who are employed by the Defendant

employer I am suing is: _16,000 +_.

8.      The alleged discrimination occurred on or about the following date(s) or time

period: _April · 2016 – December 2017_____

3

9.　　I filed charges with the:

☐　　Equal Employment Opportunity Commission

☒　　Connecticut Commission on Human Rights and Opportunities

10.　The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter **(copy attached)**, which I received on or about the following date: _____.

[**NOTE:** If you filed charges with the EEOC or the CHRO, you **MUST** attach a copy of the Notice of Right to Sue letter for this Court to consider your claim(s).  Failure to do so may result in delaying consideration of your claim(s).]

11.　The EEOC or the CHRO determined that there was no probable cause to believe that  discrimination occurred.  My reasons for questioning that determination are as follows [Attach additional sheets, if necessary]: I had seniority, more experience, education, outstanding references+reviews the person hired lied on her resume and application and suffered no consequences

12.　If relief is not granted, I will be irreparably denied rights secured under the law(s) referred to in Item Number 3, above.

13.　WHEREFORE, Plaintiff(s) pray(s) that:  The Court grant such relief as may be deemed appropriate, including [**NOTE:**  While all of the forms of relief listed below may not be available in a particular action, you should place a check next to each form of relief you seek.):

☒　　Injunctive orders (specify the type of injunctive relief sought): _____

_____;

☒　　Backpay;

☒ Reinstatement to my former position;

☒ Monetary damages (specify the type(s) of monetary damages sought): ___

*Psychiatric care, public apology, emotional distress*

☐ Other (specify the nature of any additional relief sought, not otherwise

provide for on this form): _____

_____ ;

AND costs and attorneys' fees.

### JURY DEMAND

I hereby    DO ☒    DO NOT ☐ demand a trial by jury.

_____        *Gennifer Baker*
Original signature of attorney (if any)      **Plaintiff's Original Signature**

| Printed Name and address | *Gennifer Baker* |
| Printed Name and address | Printed Name and address |

_____    *138 Home Acres Av. Milford CT 06460*

( )                *(203) 726-0805*
Attorney's telephone            Plaintiff's telephone

*genniferbaker625@gmail.com*
Email address if available        Email address if available

Dated: *Jan. 31, 2019*

## DECLARATION UNDER PENALTY OF PERJURY

    The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct.  28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at _Bridgeport, CT_____ on _January 31, 2019_.
              (location)                        (date)

                                   _____
                                   **Plaintiff's Original Signature**

(Rev. 3/23/16)

In April 2016 several members of my department were accused of falsifying time cards and theft of paid time off. Five staff members, including myself were suspended for several months. At that time, I had been employed by Yale for nearly 17 years and had never been accused of theft of any kind.

During my meeting with two auditors, the department head and a human resource representative, I informed them that our previous supervisor, who departed on February 29, 2016, was aware of the issues I had with the relatively new time keeping software, Kronos. I had informed him on multiple occasions through email and verbally depending on his availability and he had acknowledged that he would correct my time sheets and I had no reason to believe he would not correct the time sheets.

Since there were coworkers who had meetings before me the same day for the same issues, I searched my emails and printed out a couple of examples of my informing my former supervisor of my issues with the software ando requests for him to correct them. I was given a list of dates going back three and ½ years and was suspended anyway. I was allowed to go into the office approximately a week later to print out all of the emails that I could locate. I later found out that I was not credited for all of the days that I had proof that I informed my supervisor that I was unable to get into the program and requested he make the adjustment .

I was informed in September 2016 that Yale had reached an agreement with our union and they were going to place myself and three other staff members would be place in the Interim Employment Pool (IEP) with full pay and benefits and IEP candidates were supposed to have priority over all other candidates. We needed to sign a contract agreeing to these terms. I had never seen the document but was told I had until 4pm the following day to sign it and threatened with denial of unemployment insurance. I found out quite a while later that since I am over 40 years old, I was supposed to have 21 days to take the contract, however I was given approximately 24 hours to make a decision.

During my 15 months in the IEP I was denied training. I was applying for positions. One position I applied for, which was the impetus of this complaint, there were two applicants, Jackie Vaspasiano and myself. Ms. Vaspasiano told me that she had just returned to work about 2 years ago after taking about 10 years tio stay home and raise her children. I, however, had been consistently employed for well over 20 years and my experience was current. After interviewing both of us, the job description was changed  and included the software program that I was denied and other things were changed to justify hiring Ms. Vaspasiano despite my glowing reviews, references and my having about 3 times the seniority as Ms. Vaspasiano.  The hiring managers decided to change the job requirements after meeting both of us and discovering that I am a minority (biracial), while Ms. Vaspasiano is Caucasian. Ms. Vaspasiano was far less qualified.

During the course of the CCHRO investigation, Ms. Vaspasiano made statements to me that directly contradicted the content of her resume and her application. I pointed this out to counsel and my union representative and she was not disciplined in any way, nor did she have to explain the blatant discrepancies.

The CCHRO denied my complaint and stated that the information Ms. Vaspasiano told me was "hearsay" and ruled in favor of the University. I have documented audio recordings and have

emails proving that I did not steal and Yale and the Union repeatedly provided me with false information. According to the electronic application, providing false information

I also have a disability, anxiety, depression and suffer from panic attacks, and I have reason to believe that the Respondent purposely did things to trigger my disability. The day that I was in the Waterbury CHRO office filing this complaint, Ms. Vaspasiano had sad at my desk and left tissues with bodily fluids on my desk and changed my computer settings. We sat approximately 18-24 inches apart. She also verbally attacked me about a week later and the supervisor reprimanded me. I contacted Courtney McCarthy from human resources. Ms. McCarthy and her supervisor told me to go home. I asked why I was being sent home home when I was the person who was attacked. They told me it was for my "emotional safety".

The Respondent not only discriminated against me based on my race and disability, but the language in the Collective Bargaining Unit (CBA) between Yale and the labor union clearly states that the person in the IEP who is laid off should be granted the position unless there is a candidate that is significantly more qualified than the IEP candidate. This was not the case. I have more education, had 17 years of experience, was in the IEP and an outstanding work record.

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

### AFFIDAVIT OF ILLEGAL DISCRIMINATORY PRACTICE

| FOR CHRO USE ONLY | |
|---|---|
| Case No. ___1730646___ | Date:  ___June 8, 2017___ |
| EEOC No. _____ | |

My name is ___Gennifer Baker___
My mailing address is ___138 Home Acres Ave., Milford, CT  06460___
My email address is ___genniferbaker623@gmail.com___
The respondent is ___Yale University – Yale School of Medicine___
Whose business address is ___100 Church St. South, Suite 100, New Haven, CT  06519___

I was …
(write the date on or about when the discrimination occurred next to the kind of act):

- ☐ discriminated against in terms and conditions _____
- ☐ terminated _____   ☒ not hired  _4/18/17_
- ☐ suspended _____   ☐ not rented a dwelling _____
- ☐ placed on probation _____   ☒ harassed  ☐ sexually harassed ____
- ☐ demoted _____   ☐ earning a different rate of pay _____
- ☐ warned _____   ☐ constructively discharged _____
- ☐ given a poor evaluation _____   ☒ retaliated against _____
- ☐ denied a raise _____   ☐ not hired due to a BFOQ _____
- ☐ less trained _____   ☐ not hired due to a disability _____
- ☐ denied an office _____   ☐ delegated difficult assignments _____
- ☐ denied service(s) _____   ☐ other _____

I believe that my:

- ☒ Race, bi-racial   ☐ national origin   ☐ ancestry   ☐ color
- ☐ Age, , DOB:   ☐ alienage   ☐ religion   ☐ creed
- ☐ marital status   ☐ familial status   ☐ sex:  ☐ male  ☐ female
- ☐ sexual orientation   ☐ physical disability   ☐ pregnancy
- ☐ mental disability/disorder   ☐ learning disability   ☐ prior criminal record
- ☐ lawful source of income   ☒ previous opposition to discriminatory conduct

**Was in part a factor in this action.**

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

I believe that the respondent violated the following statutes and acts listed below, as amended, enforced through CONN. GEN. STAT. § 46a-58(a) if applicable:

☒ CONN. GEN. STAT. § 46a-60(a)(1)
☒ CONN. GEN. STAT. § 46a-60(a)(4)
☐ CONN. GEN. STAT. § 46a-60(a)(5)
☐ CONN. GEN. STAT. § 46a-60(a)(7)
☐ CONN. GEN. STAT. § 46a-60(a)(8)
☐ CONN. GEN. STAT. § 46a-64
☐ CONN. GEN. STAT. § 46a-70
☐ CONN. GEN. STAT. § 46a-71
☐ CONN. GEN. STAT. § 46a-80
☐ CONN. GEN. STAT. § 46a-81

☒ Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 (cite for 15 or more individuals employed)
☐ Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 (cite for 20 or more individuals employed)
☐ Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.
☐ Equal Pay Act of 1964, U.S.C. § 206
☐ Section 504 of the Rehabilitation Act of 1973

☐ Other _____

(PLEASE TYPE & NUMBER EACH ALLEGATION – ADD ADDITIONAL PAGES IF NEEDED)

I provide the following particulars:

1. My name is Gennifer Baker and my address is 138 Home Acres Ave., Milford, CT 06460.
2. Respondent is Yale University – Yale School of Medicine whose business address is 100 Church Street South, Suite 100, New Haven, CT 06519.
3. I am bi-racial (African American and Caucasian).
4. I began working for respondent on or about 6/28/99.
5. On or about 4/7/16 I was suspended from my position as a Library Services Assistant 4 indefinitely pending an investigation into the issue of time and attendance/stealing time.
6. Several other Library Service Assistants (Caucasian and African American) were also suspended during this time period.
7. I supplied respondent with documentation to show that I did not steal time but I was still laid off from my position as a library Service Assistant effective 9/11/16.
8. At that point in time I was placed in the Interim Employment Pool per the provisions of my Union Contract.
9. In this pool I am assigned to temporary positions within the University and am able to apply for positions and receive training.
10. I am able to retain my seniority and paygrade during this time and can stay in the layoff pool for 15 months.

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

11. In or about March 2017 I applied for a position of Accounts Receivable Assistant.
12. I was qualified for the position and was interviewed.
13. I was contacted by Human Resources on or about 4/17/17 to start a new temporary assignment.
14. During my conversation with Human Resources I learned that my temporary assignment would be as an Accounts Receivable Assistant, the same position I had just applied for.
15. At this point I was told by Human Resources that I had not been given the position and that Jacqueline Vaspasiano, Caucasian, was the successful candidate.
16. I received a letter dated 4/18/17 from Deborah Collins, Caucasian, which stated that Vaspasiano had experience in a Clinical setting and had experience with the "Epic" computer program.
17. I was more qualified for the position that Vaspasiano since she had less years seniority at Yale, she was in a lower pay grade and did not have financial experience.
18. The position did not need experience in a Clinical setting and "Epic" was not mentioned in the job posting and was not discussed during the interview process.
19. I had previously complained to Human Resources about harassment and comments being made by co-workers because I am bi-racial, however, nothing was ever done to alleviate the problem.  Respondent allowed the harassment to continue.
20. Since I was denied this position, I have filed a grievance with my Union and respondent has allowed this information to be disseminated to Vaspasiano making my working conditions hostile.
21. I believe I was denied the position and placed in a hostile work environment because of my race, that I am bi-racial, and in retaliation for opposing harassment to Human Resources.


I request the Connecticut Commission on Human Rights and Opportunities investigate my complaint, secure for me my rights as guaranteed to me under the above cited laws and secure for me any remedy to which I may be entitled.

___Gennifer Baker___ being duly sworn, on oath, states that s/he is the Complainant herein; that s/he has read the foregoing complaint and knows the content thereof; that the same is true of her/his own knowledge, except as to the matter herein stated on information and belief and that as to these matters s/he believes the same to be true.

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

Dated in ___Waterbury___ on this ___8th day of June, 2017_____

_+Jennifer Baker_____
Complainant's Signature

Subscribed and sworn before me on ___June 8, 2017_____
Date

_Kathleen Burden Jarossie_____
Notary Public/~~Commissioner of the Superior Court~~

My commission expires: ___10/31/19_____

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br><br>☐ FEPA<br>☐ EEOC | Agency(ies) Charge No(s): |
|---|---|---|

State of Connecticut Commission on Human Rights & Opportunities – and EEOC

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.)<br>Gennifer Baker | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Street Address   City, State and ZIP Code<br>138 Horse Acres Ave; Milford, CT 06460 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name<br>Yale University – School of Medicine | No. Employees, Members | Phone No. (Incl. Area Code)<br>203-785- |
|---|---|---|
| Street Address   City, State and ZIP Code<br>100 Church St. South, Suite 100, New Haven, CT 06519 | | 4597 |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Street Address   City, State and ZIP Code | | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN<br>☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION<br>☐ OTHER (Specify) | Earliest   Latest<br>4/18/17<br><br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

FOR EEOC/CHRO USE ONLY

The particulars of this charge of discrimination are set forth in my complaint number **1730646** Which I filed with the Connecticut Commission on Human Rights and Opportunities on **6/8/17** and which are attached hereto and incorporated as if fully set forth herein.

mce:10/3/19

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| | *Kathleen B. Garassino* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>Gennifer Baker |
| 6/8/17        *Gennifer Baker*<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year)<br>June 8, 2017 |

CP Enclosure with EEOC Form 5 (11/09)

PRIVACY ACT STATEMENT: Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. FORM NUMBER/TITLE/DATE. EEOC Form 5, Charge of Discrimination (11/09).

2. AUTHORITY. 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. PRINCIPAL PURPOSES. The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. ROUTINE USES. This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION. Charges must be reduced to writing and should identify the charging party and respondent and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act

## NOTICE OF RIGHT TO REQUEST REVIEW

This notice is to inform you that the charge to which you are a party, filed with both the Connecticut Commission on Human Rights and Opportunities (CCHRO) and the federal Equal Employment Opportunity Commission (EEOC), will be processed by the CCHRO.

In accordance with the Commission's Procedural Regulations, the Commission will accept the CCRHO's final finding or resolution of the charge and adopt it as its own unless a party to the charge requests the EEOC to conduct a review of the CCHRO's final action.

To exercise this right you must submit your request for review, in writing, to the EEOC office at the following address within fifteen (15) days of the date on which you receive the CCHRO's notice of its final findings:

> **U.S. Equal Employment Opportunity Commission,**
> **Boston Area Office,**
> **John F. Kennedy Federal Building**
> **Government Center, Room 475**
> **Boston, MA 02203-0208**

If you have any questions concerning this notice or your right to request review, please contact this office.

### I ACKNOWLEDGE RECEIPT OF THIS NOTICE

_Jennifer Baker_
Signature of complainant

_June 8, 2017_
Date

_Yale University_
Respondent's name

CCHRO Number: _1730646_

EEOC Number: _____

## NOTICE TO COMPLAINANT OF DUTY TO COOPERATE

I, *Jennifer Baker*, understand that it is my duty to respond timely to any information and/or assistance requested of me by the Commission and to cooperate with the Commission at all times. Further, I understand that it is my sole duty and responsibility to notify the Commission of my whereabouts at all times throughout the pendency of this complaint and, in the event my address and/or telephone number changes, it is my duty to notify the Commission immediately. In this respect, I represent that the individual named below whose address and telephone number is as stated, will always know my whereabouts and can always contact me.

This individual should be a friend or relative not living with you
DO NOT LIST YOURSELF

NAME *Jo Ann Baker*          ADDRESS *150 Wilson Circle*

CITY *Arapahoe*          STATE *NC*          ZIP CODE *28510*

TELEPHONE ( ) *252-571-1431*

Additionally, I promise to provide the Commission, within a period of time not to exceed two working days after my receipt of its copies of the following documents: [check applicable spaces]

☒ Yes ☐ No (a) copies of any and all decisions and or determination(s) made by the Connecticut Department of Labor, Division of Unemployment Compensation, respecting my eligibility to receive Unemployment Insurance Compensation; ·

☒ Yes ☐ No (b) copies of any writings that my employer gives to the Connecticut Department of Labor as to its consent and/or objection to my receiving benefits;

☒ Yes ☐ No (c) copies of any transcript (s) and/or tape recordings of testimony given by myself and my employer to the Connecticut Department of Labor;

☒ Yes ☐ No (d) copies of any union grievance filed by co-workings or myself challenging the company's behavior, the outcome of any grievance etc., and;

☐ Yes ☐ No (e) other information, please describe:

_____

_____

_____

If any time the Commission is unable to contact me, the Commission will be deemed to have provided me with actual notice by mailing two letters, first class mail, to my last known address. It will be presumed that, once the letters have been mailed out that I have received the correspondence unless the letters are returned to the Commission by the Post Office.

For the purposes of the EEOC notice requirements, when the Commission is unable to contact me, a letter will be sent certified mail, return receipt requested. Once this letter has been mailed I will be deemed to have received actual notice.

By: _Jennifer Baker_____

Dated: _June 8, 2017_____

[Complainant must sign the original of this form and be given a copy.]

## COMPLAINANT'S WITNESS LIST

CHRO No.  _173046_

Date Filed:  _____

Complainant:

Respondent:

If this complaint is retained following a Case Assessment Review (CAR), I am identifying the following persons as relevant witnesses:

Witness name, telephone # and address                Specific relevant information

☒ I have no witnesses at this time.

_Jennifer Baker_
Complainant's Signature

_June 8, 2017_
Date

Case No.: _1730646_                           Date: _____

Case Name:

## REMEDY WORKSHEET

In the event of a successful resolution of your case, the Connecticut Commission on Human Rights & Opportunities (the "Commission") may be able to negotiate for you monetary and non-monetary damages. Please make check marks (/) where applicable:

- ☐ back pay minus interim earnings (unemployment compensation, earnings from other jobs, etc.)
- ☒ reinstatement
- ☐ merit increase
- ☐ promotion
- ☒ training
- ☐ restoration of fringe benefits, including 401K, stock options, etc.
- ☒ accommodation
- ☒ cease and desist harassment
- ☐ policy change(s)
- ☐ change in performance evaluation
- ☐ expunge warnings from personnel file
- ☒ emotional distress damages
- ☒ other _favorable job reference_

Information necessary to calculate your damages (If you need more space, please attach additional sheets.):

1. Date of discharge/failure to hire/failure to promote: _____
2. Pay rate hourly: _____    weekly _____  annually: _____
3. Hours worked weekly: _____
4. Did you work overtime regularly: ☐ Yes ☐ No
   If Yes, how often and how many hours per week? _____
5. Other actual out-of-pocket expenses (medical, etc.) _____
6. Do you want to back to work for the respondent? ☐ Yes ☐ No
7. Please list other earnings since discharge: _____

If you have been discharged from employment, it is your duty to look for other work even if you have filed a charge of discrimination. You may be required to provide the Commission a record and evidence of your attempts to find work. Please keep accurate records of all such attempts. The Commission may require you to provide copies of various employment documents, which may include: W-2 forms, pay stubs or other documents showing pay history, or tax returns.

_Jennifer Baker_                            _June 8, 2017_

Complainant's Signature                     Date

INFORMATION REGARDING COMPLAINTS PREVIOUSLY FILED WITH THE
CONNECTICUT COMMISSION ON HUMAN RIGHTS

CHRO No. _____1730646_____

Please provide the following information:

☒   I have filed a previous complaint:

Date of filings:  _Approx 10 years ago_
Regional Office: _____
Case Number:    _____
Class Basis:     _____

☐   I have not filed a previous complaint.

I understand that my failure to disclose this information may lead to a delay in the
processing of my complaint or a dismissal of my complaint for failure to cooperate.

_Jennifer Baker_____
Complainant Signature

_June 8, 2017_____
Date

Case No.: _1730646_

## AUTHORIZATION TO RELEASE INFORMATION FROM THE RECORDS OF:

_Gennifer Baker_
(Name of Undersigned)

I authorize disclosure by:

_Yale University_
_221 Whitney Ave_
_New Haven, CT_

To the representative of the CONNECTICUT COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES of the information and record specified below that concern my complaint filed with the COMMISSION.

☐  Medical Records
☒  Personnel Records
☐  Credit Rating
☐  Other: _____

_Gennifer Baker_                           _June 8, 2017_
(Signature of Complainant)                 (Date)

_138 Home Acres Ave._                      _September 23, 1970_
_Milford, CT 06460_                        (Birthdate)

(Address)

CONNECTICUT COMMISSION ON HUMAN RIGHTS & OPPORTUNITIES

INTAKE ACKNOWLEDGEMENT FORM

This is to state, that you have been informed by the CHRO Representative assisting you in filing your complainant, that only you can make the decision to file, or not to file the complainant.  As such, no matter what the CHRO employee thinks about the merits of our complainant, you still have a right to file if you want to.

I have read and understand my rights as stated above.


Jennifer Baker
Complainant's signature

June 8, 2017
Date

EEOC Form 161 (11/16)

**U.S. Equal Employment Opportunity Commission**

## Dismissal and Notice of Rights

| To: | Gennifer Baker<br>138 Home Acres Avenue<br>Milford, CT 06460 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2017-01280 | Amon L. Kinsey, Jr.,<br>Supervisory Investigator | (617) 565-3189 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

|  | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
|  | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
|  | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
|  | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
|  | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| X | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
|  | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Feng An, Kenneth*

**NOV 0 2 2018**

| Enclosures(s) | **Feng K. An,**<br>**Area Office Director** | (Date Mailed) |
|---|---|---|

cc:

**YALE UNIVERSITY**
**Jonathan E. Clune, Office Of The Vice President &**
**General Co**
**P.O.Box 208255**
**New Haven, CT 06520**

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS      --      Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS      --      Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION      --      Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE      --      All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# FACTS ABOUT FILING AN EMPLOYMENT DISCRIMINATION SUIT IN FEDERAL COURT IN THE STATE OF CONNECTICUT

You have received a document which is the final determination or other final action of the Commission. This ends our handling of your charge. The Commission's action is effective upon receipt. Now, you must decide whether you want to file a private lawsuit in court. This fact sheet answers several commonly asked questions about filing a lawsuit.

## WHERE SHOULD I FILE MY LAWSUIT?

Federal District Courts have strict rules concerning where you may file a suit. You may file a lawsuit against the respondent (employer, union, or employment agency) named in your charge. The appropriate court is the district court which covers either the county where the respondent is located or the county where the alleged act of discrimination occurred. A lawsuit can be filed at the following U.S. District Court locations in Connecticut:

- The United States District Courts for the District of Connecticut are located at:

    o The Abraham Ribicoff Federal Building, 450 Main Street, Hartford, Connecticut 06103, or by contacting the Clerk of the Court Office at (860) 240-3200
    o 141 Church St., New Haven, Connecticut 06510, or by contacting the Clerk of the Court Office at (203) 773-2140
    o The Brien McMahon Federal Building, 915 LaFayette Blvd., Bridgeport, Connecticut 06604, or by contacting the Clerk of the Court Office at (203) 579-5861
    o 14 Cottage Place, Waterbury, Connecticut 06702, or by contacting the New Haven Clerk of the Court at (203) 773-2140

## WHEN MUST I FILE MY LAWSUIT?

Your private lawsuit must be filed in U.S. District Court within **90 days** of the date you receive the enclosed final action. Once this 90 day period is over, unless you have filed suit, you will have lost your right to sue.

## DO I NEED A LAWYER?

No, you do not need a lawyer to file a private suit. You may file a complaint in federal court without a lawyer which is called a *pro se* complaint. Every district court has either a clerk or staff attorney who can assist you in filing *pro se*. To find out how to file a *pro se* complaint, contact the clerk of the court having jurisdiction over your case who can advise you of the appropriate person to assist you and of the procedures to follow, which may vary from district to district.

You may, however, wish to retain a lawyer in order to adequately protect your legal rights. Whether you retain a private attorney, or file *pro se*, you must file your suit in the appropriate court within 90 days of receiving this mailing.

## WHAT IF I WANT A LAWYER BUT CAN'T AFFORD ONE?

If you can't afford a lawyer the U.S. District Court which has jurisdiction may assist you in obtaining a lawyer. You should consult with the office of the district court that assists *pro se* complainants for specific instructions on how to seek counsel.

Generally, the U.S. District Court charges a $350.00 filing fee to commence a lawsuit. However the court may waive the filing fee if you cannot afford to pay it. You should ask the office of the District Court that assists *pro se* complainants for information concerning the necessary procedure to request that the filing fee be waived.

## HOW CAN I FIND A LAWYER?

These are several attorney referral services operated by bar or other attorney organizations which may be of assistance to you in finding a lawyer to assist you in ascertaining and asserting your legal rights:

| | |
|---|---|
| American Bar Association | (312) 988-5522 |
| The Connecticut State Bar Association | (860) 223-4400 |
| National Employment Lawyers Association Referral Service | (212) 819-9450 |

Your County, City of Municipal Lawyers or Bar Association may also be of assistance.

## HOW LONG WILL THE EEOC RETAIN MY CASE FILE?

Generally, the Commission's rules call for your charge to be destroyed after 2 years from the date of a no cause determination or six months after other types of final actions. If you file a suit, and wish us to retain your file for more than the normal retention period, you or your attorney should forward a copy of your court complaint to this office within 10 days after you file suit. IF YOU FILE SUIT, YOU OR YOUR ATTORNEY SHOULD ALSO NOTIFY THIS OFFICE WHEN THE LAWSUIT IS RESOLVED.